**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0043n.06
Filed: January 17, 2006

**No. 05-3058**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PAULETTA L. LAVENDER; CHERISE LAVENDER and CASSANDRA LAVENDER, by Next Friend, Pauletta Lavender, | ) ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| CITY OF BLUE ASH et al., | ) ) | |
| Defendants-Appellees. | ) | |

Before: DAUGHTREY, GILMAN, and SUTTON, Circuit Judges.

PER CURIAM. Plaintiff Pauletta Lavender brought this § 1983 action on behalf of herself and her two daughters, charging the defendants, two municipalities and various local police officers with violating their rights under the Fourth and Fourteenth Amendments for false arrest and under state law for intentional infliction of emotional distress. She appeals the district court's order granting summary judgment to the defendants.

The incident that gave rise to the litigation occurred when a patrol officer from Blue Ash, Ohio, spotted a vehicle that appeared to meet the description from an all-points-bulletin radioed about 45 minutes earlier of a getaway car that was involved in an armed

bank robbery in Norwood, Ohio.  The officer recalled that the car was described as a "boxy," "older police cruiser type vehicle, color white" with an unusual "driver's side spotlight" common to police cars and that it contained two occupants.  Calling for back-up, he followed and then stopped the car, which was being driven by Pauletta Lavender and in which her two daughters were passengers. Officers who converged on the suspicious vehicle ordered Lavender out of her car at gunpoint and handcuffed her while they called for further information about the suspect in the bank robbery.

The officers then determined that  the actual robber was a white male in his 30s, while Lavender was female and African-American but, significantly, the police had no description of the getaway car's driver, either as to race or gender.  As it turned out, Lavender had no connection with the robbery or the robber. Undoubtedly, her unexpected encounter with the Blue Ash police officers was upsetting to her and to her two children, aged 10 and 16, but the video-tape of the incident, taken by a camera in the patrol car, established that the entire encounter lasted 20 minutes, that Pauletta Lavender was out of her car for a total of eight minutes, and that she was hand-cuffed for only four minutes of that time, while officers searched the inside of the car and its trunk to make sure that the robber was not in the car.

The district court held that there was no constitutional violation because the initial stop, viewed in light of all the circumstances, was supported by the reasonable suspicion required by *Terry v. Ohio*, 392 U.S. 1 (1968), and because the officers who detained the

plaintiff had a reasonable belief that an armed robber might have been in the car, thereby justifying both the level of force used by the officers to secure the scene and the thoroughness of their search. In its analysis underlying the grant of summary judgment to the defendants, the district court relied heavily on our decision in *Houston v. Clark County Sheriff Deputy John Does 1-5*, 174 F.3d 809 (6th Cir. 1999), in which we held in a § 1983 action similar to this one that an officer's stop of the wrong car under circumstances reflecting an honest mistake based upon reasonable suspicion did not constitute a Fourth Amendment violation. The court also held that there was no evidence to support the plaintiff's claim that officers stopped her car solely because of her race, thereby violating her right to equal protection under the Fourteenth Amendment.

Alternatively, the district court also found that even if the plaintiff could have made out a constitutional violation, the individual officers would be entitled to qualified immunity because the plaintiff had failed to demonstrate that, under the circumstances, they had acted in an objectively unreasonable fashion. In addition, the court held that the plaintiff had failed to establish a § 1983 claim against the municipal defendants or the officers in their official capacities.

Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment to all defendants. Because the reasons for the order have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful

purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning

set out by that court in its opinion and order dated November 22, 2004.