**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0217n.06
Filed: March 23, 2007

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**CASE NO. 05-6648**

| | | |
|---|---|---|
| **MARIA FERGUSON, et al.** | : | |
| | : | |
| **Plaintiffs-Appellants** | : | |
| | : | **On Appeal from the** |
| **v.** | : | **United States District Court** |
| | : | **for the Eastern District of Tennessee** |
| | : | |
| **UNICOI COUNTY, TENNESSEE, et al.** | : | |
| | : | |
| **Defendants-Appellees** | : | |
| | : | |
| | : | |
| | : | |

**BEFORE: MARTIN and COOK, CIRCUIT JUDGES; BERTELSMAN, District Judge** [*].

**PER CURIAM:**

This case arises out of a search of a dwelling by law enforcement officers, who were in pursuit of a fugitive. The officers had an arrest warrant for the fugitive, but they did not have a search warrant for the dwelling. The fugitive was not found in the dwelling, but several of the persons who were there sued under 42 U.S.C. § 1983 to recover damages for the warrantless entry. Issues of excessive force or harassment are not raised on appeal. The officers were in the dwelling for only a few minutes.

Before the police entered, and while the dwelling was under surveillance, the tenant drove away in her car. Acting on suspicion that the fugitive might be in the car, one of the officers

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

briefly stopped it and conducted a visual search. This incident is also the subject of one of the counts in the suit.

The district court granted summary judgment on the ground that exigent circumstances justified the warrantless entry and the other claims were also without merit. We agree and affirm.

Highly condensed, the facts were as follows. Officers of the Town of Erwin received a tip from a reliable informant that the fugitive was in the dwelling. They proceeded to put the dwelling under surveillance. The informant called back to say the fugitive had left. Since the Town officers had checked out the only vehicles seen leaving the dwelling, they concluded that this information was erroneous and that the fugitive, therefore, was still inside.

The Town officers called the Sheriff pursuant to the policy of the Town when confronted with a search situation. The Sheriff himself arrived on the scene. Two or three requests were made of the occupants of the dwelling to permit entry, but those requests were refused. The Sheriff then sought advice from the County's chief prosecutor as to whether sufficient exigent circumstances existed to justify an entry without a search warrant. The Sheriff advised the prosecutor that the officers believed the fugitive was in the house, that he had a history of violence, and that the officers suspected that the fugitive had the occupants of the dwelling under duress.

The prosecutor advised that an entry was justified but that the search should be limited to only those areas where a person could be found. The officers then entered over the objections of the occupants, and promptly left after a brief search observing these criteria. The liberty of the occupants was not restrained in any way during the search. They could have left, had they wished.

All of this took about 45 minutes.

We agree with the district court that no violation of the plaintiffs' constitutional rights arose out of these events. The district court filed an extensive, detailed opinion which may be found at *Ferguson v. Unicoi County*, No. 2:03-CV-360, 2005 WL 2407664 (E.D. Tenn. Sept. 29, 2005), with which we substantially agree.

The district court held that a brief *Terry* stop of the car was justified, because the police had a reasonable suspicion that the fugitive might be hiding inside. *See generally Terry v. Ohio*, 392 U.S. 1, 22-23 (1968), *Lavender v. City of Blue Ash*, No. 05-3058, 2006 WL 126710 (6th Cir. Jan. 17, 2006).

The district court further held that exigent circumstances justifying the search existed because the officers had an objectively reasonable belief that a dangerous fugitive was in the dwelling and that the occupants might be under duress and in danger. *Cf. Brigham City v. Stuart,* 126 S.Ct. 1943, 1945 (2006). The search was conducted in the least intrusive manner possible under the circumstances.

In addition, the district court held that the evidence disclosed no objectionable policy of either of the municipal defendants.

The district court also held that even if there had been a constitutional violation, all of the individual defendants had qualified immunity.

The issues of standing raised by Defendants/Appellees have no bearing on the outcome of this court's decision. Therefore, it is unnecessary to decide the issues of standing.

The Appellants allude to some factual assertions that the district court opinion did not discuss. We do not believe that these factual assertions raised any issues of *material* fact. *See* Fed. R. Civ. P. 56; *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989).

Therefore, the judgment of the district court is **AFFIRMED.**